# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JOHN B. HERRING**  PETITIONER

v.  No. 3:15CV10-MPM-DAS

**JAMES M. HOOD, ET AL.**  RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of John B. Herring for a writ of *habeas corpus* under 28 U.S.C. § 2254. Herring argues that his sentence expired on its own terms on September 27, 2014, and that he is thus illegally incarcerated. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

## Discussion

In the instant petition for a writ of *habeas corpus*, John B. Herring challenges the calculation of his sentence. On October 25, 2004, he was convicted of conspiracy to commit armed robbery and robbery with a deadly weapon. He was sentenced to five years in the custody of the Mississippi Department of Corrections on the conspiracy conviction, and he was sentenced to twenty years incarceration on the robbery conviction, with ten years suspended and ten to serve. The trial court ordered the sentences to run concurrently. Herring was given 27 days of credit towards his sentence for time spent in jail awaiting trial, as well as 1 day of credit for time awaiting sentencing. These 28 days pushed the effective "begin date" of Herring's sentence to September 27, 2004 (October 25, 2004 – 28 days). As Herring was convicted of armed robbery, *he was not eligible for parole, trusty time, or Earned Release Supervision. Neal v. MDOC Records Department*, 115 So.3d 894 (Miss. App. 2013). If events had unfolded as they should have, then Herring's release date would have been September 27, 2014 (September 27, 2004 + 10 years). Through an apparent data entry error, however, Herring

was released on Earned Release Supervision from November 19, 2008, through May 29, 2009, a period of 192 days.  Herring's 192 inadvertent days of freedom do not count toward completion of his sentence, and once he was re-incarcerated, he still had to serve those days.  Thus, Herring's new release date became April 7, 2015 (September 27, 2014 + 192 days).  The Mississippi Department of Corrections now lists Herring's release date as April 5, 2015, two days earlier than the court's calculation.  For these reasons, Herring's petition for a writ of *habeas corpus* is without merit and will be denied.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of February, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**